# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael J. Kanode Sr.,**
**Plaintiff Below, Petitioner**

**FILED**

May 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0580** (Mercer County 10-C-482)

**The Honorable Derek C. Swope, Judge of the Ninth Judicial Circuit, Mercer County Sheriff's Department, Sgt. Melissa Clemens, Timothy Boggess, Sherry Kanode, and Scott Ash, Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Michael J. Kanode Sr., *pro se*, appeals various orders of the Circuit Court of Mercer County dismissing various defendants from his civil action under 42 U.S.C § 1983.[1] The Honorable Derek C. Swope, Judge of the Ninth Judicial Circuit, by John M. Hedges and Stephanie J. Shepherd, his attorneys, filed a response. Respondents Mercer County Sheriff's Department; Timothy Boggess, Mercer County Prosecuting Attorney; and Scott Ash, Mercer County Assistant Prosecuting Attorney; by Chip E. Williams and Ashley L. Justice, their attorneys; filed a response.[2] Respondent Sgt. Melissa Clemons, West Virginia State Police, by Gary E. Pullin and Emily L. Lilly, her attorneys, filed a response.[3]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The dismissal orders were entered January 18, 2012, February 8, 2012 and April 17, 2012.

[2] Although he was not named in petitioner's complaint, Lt. Mike Gills is mentioned in the body of the complaint. Accordingly, the circuit court dismissed Lt. Gills as a defendant as well. To the extent that Lt. Gills is a defendant, he is included in this response.

[3] Although petitioner also sued his former wife Sherry Kanode, service of the complaint on her was returned as "attempted, not known."

1

As relevant to the instant appeal, petitioner was the defendant in various criminal proceedings and a civil forfeiture proceeding. The most serious of these cases was Felony No. 07-F-330. Petitioner was convicted of malicious assault, burglary, attempted murder in the first degree, violation of a protective order, wanton endangerment, and assault during the commission of a felony following an attack on his then wife. Petitioner was sentenced to serve fourteen to fifty-six years in prison. Petitioner's criminal appeal was refused on April 8, 2009.[4]

Petitioner alleges that Respondent Swope, as judge, was "biased" against him and imposed sentences that were "vindictive" in nature. Petitioner alleges that the Mercer County Sheriff's Department illegally engaged in unlawful arrests,[5] searches, and seizures; used excessive force; and participated in a conspiracy against him. Petitioner alleges that Respondent Clemons of the West Virginia State Police recruited his former wife as an informant, which led to his illegal arrest and the illegal forfeiture of his property, and that Respondent Clemons persuaded his former wife to obtain a domestic violence order against him. Petitioner alleges that Respondent Boggess, as Prosecuting Attorney, participated in the illegal seizure and forfeiture of his property that also involved a conspiracy to prevent him from reclaiming his property. Petitioner alleges that Respondent Ash, as Assistant Prosecuting Attorney, participated in a conspiracy against him and intimidated his son and former wife into giving testimony that contributed to his conviction.[6]

The circuit court dismissed the various defendants[7] on a number of grounds including immunity.[8] The circuit court determined that Respondent Swope was absolutely immune from

---

[4] In the habeas corpus proceeding he subsequently filed, petitioner is appealing the circuit court's order granting him partial relief in Supreme Court No. 12-0451. The respondent warden is cross-appealing. The circuit court vacated petitioner's convictions for wanton endangerment, burglary, and assault during the commission of a felony; but affirmed his convictions on the counts of violation of a protective order, malicious assault, and attempted first degree murder.

[5] Respondent Gills was the law enforcement officer who arrested petitioner at least on one occasion.

[6] Petitioner sought compensatory and punitive damages, just compensation for property illegally seized, and economic damages for loss of income.

[7] The circuit court's order granting the motion to dismiss filed by the Sheriff's Department and Respondents Boggess, Ash, and Gills reflects that the court conducted a hearing on the motion on February 15, 2011. Petitioner was present. Respondent Swope's motion to dismiss was also considered at the February 15, 2011, hearing. The circuit court's order granting Respondent Clemons's motion to dismiss indicates that the court granted the motion after consideration of the parties' pleadings.

[8] Having found this ground sufficient to affirm the dismissal of petitioner's action, *see* infra, this Court declines to address the other grounds relied upon by the circuit court.

petitioner's action because, as a duly elected judge of the Mercer County Circuit Court,[9] Respondent Swope was empowered to preside over the criminal proceedings and the civil forfeiture proceeding, and that Respondent Swope was empowered to issue rulings in those matters and to impose sentences upon petitioner's convictions. *See* Syl. Pt. 4, in part, *Roush v. Hey* 197 W.Va. 207, 475 S.E.2d 299 (1996) ("[A]bsolute judicial immunity applies (1) to all judicial act[s]; unless (2) those acts fall clearly outside the judge's subject matter jurisdiction.").

The circuit court determined that the Mercer County Sheriff's Department had immunity under the Governmental Tort Claims and Insurance Reform Act, West Code §§ 29-12A-1 *et seq.* While liability for negligent actions has been provided in certain instances, the circuit court determined that there was no liability in the case at bar where petitioner continuously alleged intentional and malicious acts, citing, *Mallamo v. Town of Rivesville,* 197 W.Va. 616, 477 S.E.2d 525 (1996) (holding that the town had no liability where it is alleged that its police chief committed conspiracy because conspiracy is an intentional act, not negligence).[10]

The circuit court determined that both Respondent Gills and Respondent Clemons were entitled to qualified immunity.[11] The circuit court found that the only relevant fact in this case regarding Respondent Gills was that he arrested petitioner. The circuit court concluded that the allegations in petitioner's complaint were insufficient to defeat a claim of qualified immunity for Respondent Gills. Similarly, in regard to Respondent Clemons, the circuit court found that petitioner "does not specifically allege" violation of any "generally accepted police procedure or . . . constitutional or civil rights." *See Hutchison v. City of Huntington*, 198 W.Va. 139, 149, 479 S.E.2d 649, 659 (1996) ("[I]n civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff.").

The circuit court determined that Respondents Boggess and Ash are immune from petitioner's action. The circuit court found that petitioner's allegations against the prosecutors came within the absolute immunity afforded to prosecuting attorneys. *See Mooney v. Frazier*, 225 W.Va. 358, 370 n. 12, 693 S.E.2d 333, 345 n. 12 (2010) ("[A]bsolute prosecutorial immunity cannot be defeated by showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.") (internal quotations and citations omitted).

---

[9] A special judge was appointed to hear the case.

[10] *See also Zirkle v. Elkins Road Public Service District.*, 221 W.Va. 409, 414, 655 S.E.2d 155, 160 (2007) ("[C]laims of intentional and malicious acts are included in the general grant of immunity in *W.Va. Code,* 29–12A–4(b)(1). Only claims of negligence specified in *W.Va. Code,* 29–12A–4(c) can survive immunity from liability under the general grant of immunity in *W.Va. Code,* 29–12A–4(b)(1).").

[11] The standard for determining qualified immunity is set forth in Syl. Pt. 6, *City of Saint Albans v. Botkins*, 228 W.Va. 393, 719 S.E.2d 863(2011).

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995). On appeal, petitioner asserts that respondents are not entitled to absolute or even qualified immunity. The various respondents argue for the circuit court's affirmation.

"[C]laims of immunities, where ripe for disposition, should be summarily decided before trial." *Hutchison*, 198 W.Va. at 147, 479 S.E.2d at 657 (footnote omitted). This Court in *Hutchison* explained that "[t]he very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." 198 W.Va. at 148, 479 S.E.2d at 658. The Court has carefully considered petitioner's allegations in light of the various immunity defenses raised by respondents. Respondents' immunity defenses are well-founded. The Court concludes that the circuit court did not err in granting respondents' motions to dismiss.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Mercer County and affirm its orders dismissing the various defendants.

Affirmed.

**ISSUED:** May 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II